## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| ALAN N. SCOTT, | : | Civil Action No. 09-4710 (RMB) |
|  | : | Civil Action No. 09-0929 (RMB) |
| Petitioner, | : |  |
|  | : |  |
| v. | : | **MEMORANDUM OPINION & ORDER** |
|  | : |  |
| FCI FAIRTON, | : | **APPLIES TO BOTH ACTIONS** |
|  | : |  |
| Respondent. | : |  |

This matter comes before the Court upon Petitioner's filing of numerous applications and letters in both above-captioned actions, and it appearing that:

1.   On March 3, 2009, Petitioner filed his § 2241 petition that was docketed in Civil Action 09-0929 (D.N.J.); that petition was illegible (allowing the Court to merely discern only that Petitioner's challenges were related, in one way or another, to the Residential Drug Abuse Treatment Program ("RDAP") administered at Petitioner's then-place-of-confinement, FCI Fairton) and, in addition, unexhausted administratively.  The Court, therefore, dismissed the original petition without prejudice, preserving Petitioner's challenges, explaining to Petitioner the exhaustion requirement and directing the Clerk to remit Petitioner's filing fee. In response, Petitioner submitted a motion for reconsideration accompanying that submission with his amended petition.  Examining the statements made in the amended petition and the public records of Petitioner's criminal proceedings, this Court dismissed the amended petition as drafted, but allowed Petitioner to re-amend his amended petition with regard to a certain narrow issue (that is, in the event Petitioner duly completed administrative

exhaustion of that issue).  In response, Petitioner filed his re-amended petition asserting: (a) civil rights challenges against the officials employed at the FCI Fairton; and (b) asserting additional challenges against the officials employed at the FCI Terre Haute (Petitioner's current place of confinement where Petitioner was transferred from Fairton).  The Court dismissed Petitioner's re-amended petition; the dismissal of Petitioner's civil rights claims was without prejudice to raising Petitioner's claims against the Fairton officials in a civil complaint filed in this District, and Petitioner's numerous challenges against Terre Haute officials were dismissed without prejudice to raising those challenges by means of civil complaint (or even a habeas application) filed with the court of appropriate venue.  In response to the Court's decision, Petitioner submitted another motion for reconsideration which, in effect, was Petitioner's re-re-amended petition that asserted: (a) another RDAP-based habeas challenge; and (b) another set of civil rights challenges.  That motion for reconsideration was followed by Petitioner's motion to seal part of his record.  This Court dismissed, without prejudice, Petitioner's new civil rights challenges (based on Petitioner's transfer from Fairton to Terre Haute) and directed the Clerk to open a new and separate habeas matter in order to entertain Petitioner's new and factually different habeas claim (the Clerk's compliance with that order resulted in the opening of Civil Action No. 09-4710 (D.N.J.)).  In response to the Court's decision, Petitioner filed: (a) another motion for reconsideration disputing the Court's determination that Petitioner's challenges based on a transfer from one prison to another qualified as a civil rights rather than a habeas claim; and (b) an appeal with the United States Court of Appeals for the Third Circuit (which the Court of Appeals dismissed for lack of appellate jurisdiction).  The latest development in Civil

Action No. 09-0929 was Petitioner's submission of a letter challenging the BOP's implementation of the Second Chance Act, i.e., the letter set forth a challenge entirely different from Petitioner's first and second habeas challenges based on the FCI Fairton's implementation of its RDAP.

2.   As noted supra, this Court's assessment of Petitioner's re-re-amended petition submitted in Civil Action No. 09-0929 resulted in the Clerk's opening of Civil Action No. 09-4710; for the purposes of which the re-re-amended petition was deemed the original petition. Respondent duly filed his answer to that petition (asserting that Petitioner did not qualify for the RDAP-based incentive he was seeking because Petitioner had failed to provide the BOP with proof that  he was abusing controlled substances during a certain period necessarily implicated by the provision governing the applicability of the incentive).  In response, Petitioner filed a number of documents.  One of such submissions was Petitioner's motion for partial summary judgment; that motion sought not a finding that could be reached as a matter of law; rather, it sought to establish a fact (specifically, that -- at a certain time irrelevant for the purposes of Respondent's position -- Petitioner was abusing controlled substances).  Another letter filed by Petitioner was a copy of his latest submission made in Civil Action No. 09-0929, i.e., the letter that challenged the BOP's implementation of the Second Chance Act (and, hence, stating a challenge entirely different from the one raised in the pleading that gave rise to Civil Action No. 09-4710).  In addition, Petitioner submitted a letter reflecting on the potential locale of the residential re-entry center where he might be transferred.  The remaining submissions made by Petitioner were, effectively, unauthorized

sur-replies to Respondent's oppositions to Petitioner's motions (these sur-replies, essentially, rehashed the points Petitioner already made).

3.   a.   To the extent Petitioner's motion for reconsideration submitted in Civil Action No. 09-0929 is concerned, that motion is subject to dismissal on the grounds that Petitioner's disagreement with the Court's determination (i.e., the determination that a transfer from one prison to another does not supply habeas jurisdiction) is not a proper ground for reconsideration of the Court's decision.  Therefore, the Court's determination will remain as is and, if Petitioner disagrees with the Court's decision, his remedy is raising (or, as the case may be, re-raising) his disagreement on appeal. Consequently, with regard to Petitioner's motion for reconsideration filed as Docket Entry No. 20 in Civil Action No. 09-0929, the Clerk will be directed to reopen Civil Action No. 09-0929 and to terminate it upon the Court's denial of reconsideration. That denial will be, again, without prejudice to Petitioner's filing of a timely civil complaint asserting his civil rights challenges, if Petitioner still wishes to pursue any.

   b.   With regard to Petitioner's submission of a quasi-petition challenging the BOP's implementation of the Second Chance Act (i.e., raising a challenge wholly unrelated to the issue at bar based on the BOP's implementation of RDAP) filed as Docket Entry No. 26 in Civil Action No. 09-0929, the Court will dismiss these unrelated challenges, pursuant to Habeas Rule 2(e) that requires the filing of a new and separate petition with regard to each separate determination as to Petitioner's fact or term of confinement.  That dismissal will, too, be without prejudice to Petitioner's filing of a separate – and *duly exhausted at all three levels of the BOP* – habeas

petition.  Civil Action No. 09-0929 will be deemed conclusively terminated, and Petitioner will be directed not to make any further filings in that matter.

4.  a.  Petitioner's motion for summary judgment filed in Civil action No. 09-4710 will be denied as superfluous.  The Federal Rules of Civil Procedure apply to habeas corpus actions except where application of the rules would be inconsistent with established habeas practice and procedure, see Habeas Rule 11 of the Rules Governing Section 2254 Cases, and – in general – summary judgment is not inconsistent with habeas practice.  See Blackledge v. Allison, 431 U.S. 63, 80-81 (1977).  However, in a habeas matter, resort to summary judgment is justified only where finding is made as a matter of law, see, e.g., Rouse v. Iowa, 110 F. Supp. 2d 1117 (N.D. Iowa 2000) (employing Rule 56 to dismiss the petition as untimely), since – in all other scenarios – the Court is expected to weigh on the need to conduct an evidentiary hearing.  See Blackledge v. Allison, 431 U.S. at 72.  Indeed, in a habeas matter, the distinction between a resolution by means of summary judgment and the usual mode is limited to determination whether an evidentiary hearing is needed.   In contrast, a habeas action does not envision the possibility of a trial and, hence, an evidentiary hearing is the sole mode of obtaining and/or making determination on the evidence not in the record or the one in the record but in dispute.

> [S]ummary judgment is a procedural device available for prompt and expeditious disposition of a controversy which would normally be resolved through a trial.  Summary judgment is a method to avoid trial when there is no dispute as to material fact.  Petitioner has filed a petition for writ of habeas corpus.  "[T]he writ of habeas corpus is not a proceeding in the original criminal prosecution but an independent civil suit." Riddle v. Dyche, 262 U.S. 333, 335-336 (1923); see, e.g., Keeney v. Tamayo-Reyes, 504 U.S. 1, 14 (1992) (O'Connor, J.,

dissenting).  Modern habeas corpus procedure has the same function as an ordinary appeal.  [See] Anderson v. Butler, 886 F.2d 111, 113 (5th Cir. 1989); O'Neal v. McAninch, 513 U.S. 432, 442 (1995) (federal court's function in habeas corpus proceedings is to "review errors in state criminal trials [or administrative proceedings]" (emphasis omitted)).  In a habeas proceeding, the petitioner does not proceed to trial.  Therefore, Petitioner's motion for summary judgment is improper.   For all practical purposes, summary judgment is equivalent to the Court's making a determination on the merits of a habeas petition.   As the Court will rule on the petition for writ of habeas corpus in due course, a motion for summary judgment in a habeas proceeding serves no purpose.

Juda v. Andrews, 2006 U.S. Dist. LEXIS 88969, at *1-2 (E.D. Cal. Dec. 8, 2006).

Here, Petitioner attempts to utilize Rule 56 to establish a fact (and, as Respondent correctly observes, an unrelated fact). That is an improper use of Rule 56: the Rule is neither intended to operate as a substitute for an evidentiary hearing nor it is meant to parcel the litigation process into: (a) an initial and separate determination of whether the fact is material and is dispute; and (b) a later and separate ruling on the record submitted and/or established during the habeas proceedings.  As the Juda court aptly observed, "As the Court will rule on the petition for writ of habeas corpus in due course, a motion for summary judgment in a habeas proceeding serves no purpose."  Therefore, Petitioner's motion for partial summary judgement, filed as Docket Entry No. 19 in Civil Action No. 09-4710, will be denied as superfluous.

b.      With regard to Petitioner's submission of a quasi-petition challenging the BOP's implementation of the Second Chance Act (i.e., a challenge wholly unrelated to the determination at issue) filed as Docket Entry No. 23 in Civil Action No. 09-4710 (and duplicative of that submitted in Civil Action 09-0929), Petitioner's challenges will be similarly dismissed pursuant to Habeas Rule 2(e) that requires filing of a new

and separate petition with regard to each separate determination as to Petitioner's fact or term of confinement.  Same as with regard to Civil Action No. 09-0929, that dismissal will be without prejudice to Petitioner's filing of a separate – and *duly exhausted at all three levels of the BOP* – habeas petition raising Petitioner's Second Chance Act challenges.

c.       Finally, Petitioner will be expressly directed not to make duplicative filings and to cease informing the Court of every development on Petitioner's prison life unrelated to the issue at bar.

IT IS on this **16th** day of **June 2010**,

**ORDERED** that the Clerk shall reopen Civil Action No. 09-0929 for the purposes of this Court's consideration of Petitioner's: (a) motion for reconsideration, docketed as Docket Entry No. 20 in that matter; and (b) quasi-Section-2241-petition, docketed as Docket Entry No. 26 in that matter, by making a new and separate entry reading "CIVIL CASE REOPENED"; and it is further

**ORDERED** that the remedy of reconsideration is denied; and it is further

**ORDERED** that Petitioner's quasi-Section-2241-petition is dismissed without prejudice to raising Petitioner's duly exhausted Second Chance Act challenges in a new and separate habeas matter filed with the court of appropriate venue; and it is further

**ORDERED** that the Clerk shall terminate Civil Action No. 09-0929 by making a new and separate entry reading "CIVIL CASE RE-TERMINATED"; and it is further

**ORDERED** that Petitioner shall not file any other documents in Civil Action No. 09-0929; and it is further

**ORDERED** that Petitioner's motion for partial summary judgment, docketed as Docket Entry No. 19 in Civil Action No. 09-4710, is denied as superfluous; and it is further

**ORDERED** that Petitioner's quasi-Section-2241-petition, docketed as Docket Entry No. 23 in Civil Action No. 09-4710, is dismissed without prejudice to raising Petitioner's duly exhausted Second Chance Act challenges in a new and separate habeas matter filed with the court of appropriate venue; and it is further

**ORDERED** that the Clerk shall docket this Memorandum Opinion and Order in Civil Action No. 09-0929 and, in addition, in Civil Action No. 09-4710; and it is further

**ORDERED** that Petitioner shall not make any further filings in Civil Action 09-0929 (with the exception of Petitioner's filing a notice of appeal) and cease his practice of making either duplicative filings or filings informing the Court of incidents of Petitioner's prison life unrelated o the issue raised in Civil Action No. 09-4710, i.e., the BOP's implementation of its RDAP at the FCI Fairton; and

**ORDERED** that Petitioner's Motion to Seal [Docket Entry No. 9, Civil Action No. 09-4710] is GRANTED;  his Motion for Discovery [Docket Entry No. 12, Civil Action No. 4710] and to correct the caption [Docket Entry No. 8, Civil Action No. 4710] are dismissed as moot; and it is finally

**ORDERED** that the Clerk shall serve a copy of this Memorandum Opinion and Order upon Petitioner by regular U.S. mail.

s/Renée Marie Bumb
**RENÉE MARIE BUMB**
**United States District Judge**